Mr. Michael Kahn Town Attorney Town of Malabar 494 North Harbor City Boulevard Melbourne, Florida 32935
Dear Mr. Kahn:
This is in response to your request for an opinion on substantially the following question:
 WHETHER THE ABSTENTIONS REQUIRED BY CH. 84-357, LAWS OF FLORIDA, AFFECT THE NUMERICAL BALANCE OF BOTH THE QUORUM PRESENT AND THE MAJORITY OF THE QUORUM PRESENT?
Chapter 84-357, Laws of Florida, amended s 112.3143, F.S., to add subsection (3), which provides:
 No county, municipal, or other local public officer shall vote in his official capacity upon any measure which inures to his special private gain or shall knowingly vote in his official capacity upon any measure which inures to the special gain of any principal, other than an agency as defined in s. 112.312(2), by whom he is retained. Such public officer shall, prior to the vote being taken, publicly state to the assembly the nature of his interest in the matter from which he is abstaining from voting and, within 15 days after the vote occurs, disclose the nature of his interest as a public record in a memorandum filed with the person responsible for recording the minutes of the meeting, who shall incorporate the memorandum in the minutes. However, a commissioner of a community redevelopment agency created or designated pursuant to s. 163.356 or s. 163.357 or an officer of an independent special tax district elected on a one-acre, one-vote basis is not prohibited from voting.
This amendment changes the law with regard to abstention under the circumstances described in the new law. Previously, a public officer was not prohibited from voting in his official capacity on a matter in which he had a personal, private or professional interest and which inured to his special private gain or to the special gain of any principal by whom he was retained, but if such officer voted on such a matter, he was required to file a memorandum within 15 days disclosing the nature of his interest. See, s 112.3143, F.S. 1983. See generally, Op. Comm. Ethics, 74-13, Oct. 4, 1974. Any question, however, concerning what constitutes a conflict of interest under the recent legislation must be submitted to the Commission on Ethics. See, s112.322(3), F.S. You wish to know whether in those instances in which a member of the governing body of a municipality is prohibited from voting by s 112.3143(3), as amended, the quorum present is constructively reduced; and as a concomitant, whether the majority of the quorum needed to enact legislation or take other official action would thereby be reduced. For example, in the situation you describe in your letter, where all members of the five member town council are present and two members have a conflict which precludes them from voting, you question whether the quorum `present' would be constructively reduced to three and it would thus require only a vote of two members (a majority of a quorum present) to take official action.
Section 166.041, F.S., establishes a uniform procedure for the adoption and enactment of municipal ordinances and resolutions. See, e.g., AGO's 76-197, 75-173 and 74-371. Subsection (4) of s 166.041 provides:
 A majority of the members of the governing body shall constitute a quorum. An affirmative vote of a majority of a quorum present is necessary to enact any ordinance or adopt any resolution; except that two-thirds of the membership of the board is required to enact an emergency ordinance. On final passage, the vote of each member of the governing body voting shall be entered on the official record of the meeting. All ordinances or resolutions passed by the governing body shall become effective 10 days after passage or as otherwise provided therein. (e.s.)
This office has previously concluded that this provision provides the minimum, mandatory requirements for the enactment of ordinances and resolutions by a municipality. See, AGO's 81-71 and 74-160. Further, subsection (6) of s 166.041, F.S., provides that the procedures set forth in that statute `shall constitute a uniform method for the adoption and enactment of municipal ordinances and resolutions' and although a municipality may specify additional requirements, `a municipality shall not have the power or authority to lessen or reduce the requirements of this section. . . .' Thus, the requirements of subsection (4), which provides that a majority of the governing body shall constitute a quorum and that an affirmative vote of a quorum present shall be necessary to enact an ordinance or resolution, cannot be lessened or reduced by a municipality.
In AGO 74-160, this office concluded that where only four members of a five-member town commission are present at a meeting of such body, the adoption of a resolution requires the affirmative vote of three members irrespective of the fact that one of the members present abstained from voting. That opinion stated that `[t]he fact that one member abstained from voting has no effect on the statutory provision that the adoption of a resolution requires the affirmative vote of a majority of the members present.' The conclusion reached in AGO 74-160, however, was premised on the provisions of s 286.012, F.S., in conjunction with s 112.3143, F.S., which prior to the 1984 amendments to these statutes did not mandate a voting abstention in the case of a conflict of interest but rather afforded the officer a choice as to whether to abstain from voting or to vote and file a memorandum within 15 days disclosing the nature of his interest. See also, AGO 75-244 which determined that although a member of a downtown development authority under Florida law could abstain from voting on a question in which he was personally interested, he was not disqualified and thus could be counted for purposes of computing a quorum for a vote on that question. The statute prior to the 1984 amendment therefore did not prohibit a public officer from voting in any situation; after the 1984 amendment, a local public officer is prohibited from voting on those measures which inure to his special private gain or which to his knowledge inure to the special gain of any principal by whom he is retained. In light of the 1984 amendment, a question has been raised as to whether in those situations in which a public officer is prohibited from voting, the quorum present is affected.
In 74 C.J.S. Quorum, p. 171, it is stated that the word `quorum' `has come to signify such a number of the officers or members of any body as is competent by law or constitution to transact business; such a number of an assembly as is competent to transact its business; such a number of the members of any body as is, when duly assembled, legally competent to transact business; such a number of a body as is competent to transact business in the absence of the other members.' And see, Black's Law Dictionary 1421 (Rev. 4th ed. 1968) wherein it is stated: `When a committee, board of directors, meeting of shareholders, legislature or other body of persons cannot act unless a certain number at least of them are present, that number is called a `quorum.' . . . In the absence of any law or rule fixing the quorum, it consists of a majority of those entitled to act.' Thus, a quorum is a certain number of a governing or legislative body who are legally entitled to act.
Subsection (4) of s 166.041, F.S., expressly provides that a majority of the members of the governing body of a municipality shall constitute a quorum. The absence or voting infirmity of the members of the town council would not appear to affect the number of members required to constitute a quorum. Thus where you have a governing body composed of five members, s 166.041 requires three members to constitute a quorum. The statute goes on to provide that `[a]n affirmative vote of a majority of a quorum present is necessary to enact any ordinance or adopt any resolution. . . .' In the scenario you presented all five members are present but two members are prohibited by statute from voting on the matter under consideration. Thus, only three members of the town council are present who are legally entitled to act. Based upon the foregoing definitions of quorum it is my opinion that since s 166.041, F.S., requires a majority of the members of the governing body to constitute a quorum and an affirmative vote of a majority of a quorum present to enact an ordinance or resolution, the effect of s 112.3143, F.S. (1984 Supp.), precludes such members who are prohibited from voting from being considered to be part of the quorum for purposes of such matter. Therefore, if the members of a governing body who are legally entitled to vote still constitute a quorum (numerical majority of the entire governing body), then a majority of such a quorum may legally enact any ordinance or adopt any resolution.
To the extent of any inconsistency with previous opinions of this office, those opinions are modified because of the effect of the change in the law with regard to local public officers qualifications to vote in cases of conflict. The abstention requirement of the amended statute causes a legal infirmity as to the public officer's authority on the matter in question and therefore has the effect, in my opinion, of eliminating that individual from being considered as part of the quorum for purposes of that matter.
In conclusion, I am of the opinion that, unless and until judicially determined otherwise, the abstention requirements of s112.3143, F.S. (1984 Supp.), causes the quorum to be composed of only those members of the governing body entitled to vote. The quorum must be a majority of the governing body and a majority of such a quorum entitled to vote is necessary to enact any ordinance or adopt any resolution. Any question as to what constitutes a conflict of interest for purposes of this statute will have to be addressed to the Commission on Ethics.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General